## Agnes L. Agnell et al., Appellants, v. Illinois Bell Telephone Company, Appellee.

Gen. No. 45,044.

Opinion filed October 25, 1950. Released for publication March 21, 1951.

EDWIN R. HACKETT and VINCENT H. O'CONNOR, both of Chicago, for appellants.

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, for appellee; KENNETH F. BURGESS, GORDON W. WINKS and JOHN R. TAYLOR, all of Chicago, of counsel.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

In this case 282 employees of the defendant sued to recover wages claimed to be due them for Thanksgiving Day, November 22, 1945, pursuant to provisions

of a collective bargaining agreement between the parties. The trial court sustained the motion of defendant for summary judgment under Section 57 of the Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 181; Jones Ill. Stats. Ann. 104.057] and dismissed the plaintiffs' action. It is from this summary judgment that plaintiffs appeal.

The case involves the construction of two provisions of a collective bargaining agreement. One is the "Absence with Pay" provision which provides that full time shall be allowed with pay when a plaintiff is absent for court duty, service in the National Guard, sickness, etc. Paragraph (f) of this provision, relating to "Absence with Pay" is as follows:

"(f) Payment for a holiday occurring in the span of an absence will be paid for on the same basis as the absence. In case of first seven days' absence on account of sickness, the holiday will be paid for if the scheduled day before or after the holiday is worked or paid for." The "Holidays" provision upon which plaintiffs rely provides that certain days, including Thanksgiving Day, shall be observed as holidays, and then contains the following paragraphs:

"An employee excused from work on a holiday occurring within his regular assigned work schedule will be paid for the time excused.

"All holidays occurring from Monday to Friday, inclusive, will be included in all work schedules.

"An employee who works on a holiday will be paid a holiday allowance equal to the pay for his normal shift plus his regular hourly rate for any time worked during the hours of his normal shift. If he works beyond the limits of his normal shift, he will be paid at the rate applicable to such time on any regular week day."

All but six of the employees in question did not work on the Wednesday preceding Thanksgiving Day. It is admitted that they were absent for reasons which did

not entitle them to any pay for that Wednesday. Six of them were absent from work for a portion of Wednesday.

Plaintiffs contend that since the holiday occurred within their work schedules and that since they were excused from work on that holiday (in the event of work on a holiday they would receive, in general terms, double pay), they are entitled to pay as provided in the ''Holidays'' section. They say that the ''Absence with Pay'' section has no bearing whatever on the ''Holidays'' provision. On the other hand, defendant says that we should take the ''Absence with Pay'' section into consideration, and if this holiday occurred within the ''span of an absence'' for which plaintiffs were not entitled to pay, then such employees are not entitled to pay for the holiday. They urge upon the court such a construction of the phrase ''span of an absence'' as would include absence of an employee who quit work before the usual quitting time on the day before a holiday and who returned immediately after the holiday. This is on the theory that as clause (f) of the ''Absence with Pay'' section provides that a holiday occurring in the span of an absence is to be paid for on the same basis as an absence, it follows that if the absence is not paid for, the holiday will not be paid for.

Both parties say there is nothing ambiguous about the contract and nothing for the court to construe, yet they arrive at precisely opposite conclusions.

██ ██ The ''Holidays'' provision standing alone clearly supports plaintiffs' position. Of course, we are familiar with the elementary rule that contracts should be construed as a whole and that what appear to be conflicting provisions should be reconciled where that can be done. It does not, however, appear to us that the ''Absence with Pay'' provision was intended to cover the question of undue absenteeism. That provision covers the problem of payment for holidays oc-

curring during what we may term justifiable absences, which are often of substantial duration and are paid for under the terms of the contract. This problem is different from that of the extension of a holiday by undue absenteeism.

Clause (f) of the "Absence with Pay" provision by its language does not undertake to control eligibility for payment for holidays, but rather to provide the basis upon which payment will be made when the holiday occurs within those absences covered by that section. It provides no formula for determining eligibility of employees generally for payment for a holiday. This interpretation is reinforced by the total context of clause (f). The purpose of that clause seems to be to preclude an employee, whose period of justified absence (as covered by the "Absence with Pay" provision) includes a holiday, from claiming the holiday allowance embodied in the "Holidays" clause. Such an employee might make a colorable claim for a holiday allowance, in the absence of such a clause. He could argue that the purpose of the "Absence with Pay" paragraph was to make him whole for his absence and that, but for his National Guard duty (for example), he might have earned the holiday allowance.

Defendant contends that the provision for loss of holiday pay by employees who unjustifiably absent themselves the day before or the day after a holiday are common in collective bargaining agreements and are of special importance where a public utility is involved because of the vital public interest in adequate service. While this might reveal the reasonableness of the objective which defendant seeks, the court is not warranted in supplying such a provision where none exists. Where it has been embodied in collective bargaining agreements, it is clearly and explicitly stated. We have examined the cases cited by defendant in this respect and in none of them was the matter

left to inference. Thus, in the case of *In re Mather Spring Co. and United Automobile Workers,* 11 L. A. 412 (1948), payment is made for a holiday if an employee "worked the last scheduled work day prior to and the next scheduled work day after such holiday." In that case, reasonable exception is made if an employee is absent with the consent of the management. In *In re Branch River Wool Combing Co. and Textile Workers,* 11 L. A. 346 (1948), payment is made for a holiday if the employee has completed his probationary period of thirty days and in addition, worked the day before and the day after a holiday. In *In re Borg-Warner Corp. and United Automobile Workers,* 12 L. A. 442 (1949), the provision is the same with respect to working the day before and the day after a holiday, but there is an exception made where the company excuses an employee before the end of the work day. In *In re Great Lakes Spring Corp. and United Automobile Workers,* 12 L. A. 779 (1949), the same provision is made for working the day before and the day after a holiday, but here again, an exception is made where there is a death in the family or the employee is absent because of jury duty. In *In re Inco Co. and United Furniture Workers,* 12 L. A. 915 (1949), the same provision is made, but here again an exception is made where the absence is due to a lay-off or for good cause. In *In re American Rock Wool Corp. and International Chemical Workers,* 9 L. A. 609 (1948), payment is made for a holiday if the employee has worked all the scheduled work days during the work week in which the holiday occurs, except if he has obtained a written memorandum excusing him from working. These are examples of provisions which state the matter so clearly that if used in the contract in question, no controversy would have arisen. Such provisions intended to deter employees from unilateral extension of their

holidays must be clear if they are to achieve their purpose.

■ If we adopted defendant's interpretation, it could well impose an extraordinary penalty on some employees—for example, an employee absent because of his grandmother's funeral the afternoon before a holiday (which might also have been the day of the big ball game) would lose one and one-half days pay because of a half day's unauthorized absence. Indeed, if pushed to the limits of its logic, an employee who quit work fifteen minutes early on the day before a holiday might lose his entire pay for the holiday. This is said in no flippant sense, but as pointing to the human problems involved in a provision of this character and the need for clarity in agreements relating thereto. We should not create such a provision by inference from a clause which deals with a different subject matter and which has a disciplinary result more severe than any of the arrangements involved in the precedents to which we have been referred.

■ Our conclusion is based on a construction of the contract without reference to any extrinsic evidence, no such evidence being presented by the motion for summary judgment. The motion of defendant for summary judgment should be overruled and the suit should proceed in consonance with the views herein expressed.

*Judgment reversed and remanded.*

FRIEND and SCANLAN, JJ., concur.